UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

    Plaintiff,

v.                                               Case No. 3:16cv651-MCR-CJK

UNITED STATES DEPARTMENT OF
EDUCATION, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint. (Doc. 1). After careful consideration, the undersigned concludes this case should be dismissed due to plaintiff's failure to state a claim on which relief may be granted.

The complaint names 3 defendants: the U.S. Department of Education ("DoED"); Arthur Manigault, a compliance team leader for the DoEd; and Lorraine Irier, a lawyer for the DoEd. The complaint contains allegations that are confusing and disjointed. Plaintiff has attached a letter from the DoED (signed by Manigault), perhaps clarifying the nature of plaintiff's grievance. In June 2016 plaintiff filed a complaint with the DoEd alleging Pensacola State College discriminated against her "on the basis of race, color, national origin, sex, [and] disability[.]" Plaintiff indicates Irier interviewed her through emails "and knew about the intense torment

through torture and denial of services." The DoED found plaintiff did not provide answers to its specific questions and concluded plaintiff's "allegations are so speculative, conclusory or incoherent that they are not sufficiently grounded in fact . . . to infer that discrimination or retaliation may have occurred or is occurring." The DoED declined to proceed with an investigation and dismissed plaintiff's allegations. Plaintiff alleges Irier and Manigault "are taking part in [a] conspiracy with denying or enforcing laws[.]"

Although plaintiff asserts the defendants' actions violated a variety of federal statutes, it is evident she has utterly failed to allege facts showing she is entitled to relief, or that, on these facts, she could cure the deficiency by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Alleging the defendants failed to conduct an investigation that satisfies plaintiff does not state a cause of action. *See Otero v. U.S. Att'y Gen.*, 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.") (*citing Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 359 (1973)); *see also Nicholas v. Heffner*,

Case 3:16-cv-00651-MCR-CJK   Document 3   Filed 12/09/16   Page 3 of 6

Page 3 of 6

228 F. App'x 139, 141 (3d Cir. 2007) ("[T]he District Court lacks authority to order a federal investigation and prosecution of the defendants or the termination of their employment."). The mere fact plaintiff feels irritated, aggrieved or dissatisfied by the actions of others does not provide a basis for a civil rights lawsuit. The complaint, therefore, should be dismissed.

Of note, plaintiff has an extensive history of filing meritless lawsuits in federal court. Since March 9, 2015, plaintiff has filed 25 complaints. Twenty-three of the 25 complaints have been dismissed before service, including 21 in the Northern District of Florida. *See Brewer v. Fed. Bureau of Investigations*, Case No. 3:16cv460-MCR-CJK (case dismissed); *Brewer v. Morgan*, Case No. 3:16cv457-MCR-GRJ (case dismissed); *Brewer v. Workforce Fla.*, Case No. 3:16cv447-MCR-CJK (case dismissed); *Brewer v. Gonzalez*, Case No. 3:16cv91-MCR-CJK (case dismissed); *Brewer v. Escambia Cty. Courts*, Case No. 3:16cv72-MCR-EMT (complaint dismissed without prejudice for failure to state a claim); *Brewer v. State of Oklahoma*, Case No. 3:16cv48-MCR-EMT (case dismissed without prejudice as abusive of the judicial process); *Brewer v. Pensacola Police Dep't*, Case No. 3:16cv30-MCR-EMT (case dismissed without prejudice as abusive of the judicial process); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv573-RV-EMT (case dismissed); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv567-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim and state law

claims dismissed without prejudice); *Brewer v. U.S. Attorney's Security*, Case No. 3:15cv563-MRC-CJK (case dismissed for failure to state a claim); *Brewer v. Area Housing Comm'n*, Case No. 3:15cv500-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. U.S. Marshals Courthouse Security*, Case No. 3:15cv497-MCR-EMT (federal claims dismissed with prejudice as frivolous and for lack of jurisdiction; state law claims dismissed without prejudice); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv489-MCR-EMT (federal claims dismissed with prejudice as frivolous and state law claims dismissed without prejudice); *Brewer v. City of Pensacola*, Case No. 3:15cv484-MCR-EMT (complaint dismissed with prejudice for failure to state a claim); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv469-MCR-CJK (case dismissed without prejudice for plaintiff's failure to state a claim upon which relief can be granted); *Brewer v. Willis*, Case No. 3:15cv183-RV-EMT (case dismissed without prejudice for plaintiff's failure to comply with an order of the court); *Brewer v. Bodenhausen*, Case No. 3:15cv154-RV-EMT (case dismissed with prejudice for failure to state a claim); *Brewer v. Nelson*, Case No. 3:15cv145-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim upon which relief can be granted and state law claims dismissed without prejudice); *Brewer v. Morgan*, Case No. 3:15cv132-RV-EMT (case dismissed without prejudice as frivolous and for failure to state a claim); *Brewer v. Meadows*, Case No. 3:15cv95-

Case No. 3:16cv651-MCR-CJK

RV-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. Frydrychowicz*, Case No. 3:15cv89-MCR-CJK (case dismissed). Two other complaints were dismissed before service in the Northern District of Oklahoma. *See Brewer v. Weaver*, Case No. 4:15cv139-CVE-TLW (N.D. Okla. Apr. 10, 2015) (dismissing complaint after finding plaintiff failed to allege a colorable federal claim and her state law claims were precluded by Oklahoma law and the doctrine of standing); *Brewer v. Gore*, Case No. 4:15cv140-GKF-PJC (N.D. Okla. Mar. 27, 2015) (dismissing complaint for failure to state a claim and for seeking monetary relief against defendants who are immune from such relief).

Plaintiff's habit of filing meritless lawsuits disrupts the court's docket and hinders its ability to process meritorious claims filed by other litigants. This particular plaintiff—perhaps for reasons beyond her control—seems to view the federal courts as some sort of complaint box or depository for all of life's grievances, rather than a forum for resolution of real disputes. No useful purpose could be served by allowing this clearly frivolous matter to proceed further.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of December, 2016.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.